————o————

## No. 6288.

## C. NEWTON, JR., vs. FRANK ROUSEO, ET AL.

### Syllabus.

Where the judgment of the trial Court upon questions of fact is not manifestly erroneous, it will not be disturbed.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 106,644. Honorable G. H. Theard, Judge.

Thos. E. Furlow, for plaintiff and appellant.

John L. Felieu, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a suit for the recovery of a sum of money.

Plaintiff alleges that on November 4th, 1913, he bought from defendants a horse for $150 which he paid cash with the agreement that he "should have fifteen days from the day of purchase in which to decide whether or not to keep said horse, and on return of said horse within fifteen days petitioner should receive back the $150, so paid by him;" that on November 20th, "he returned said horse to defendant, who promised to refund said sum on November 22nd, but that defendants on said date and subsequent dates refused petitioner the price paid by him; and plaintiff now sues for the return of said price of $150.

Defendant admits the sale of the horse and the payment of the price of $150, but denies the alleged agreement of fifteen days trial and promise to refund the price on return of the horse, on the day of sale or on any subsequent date.

There was judgment for defendant and plaintiff has appealed.

The question to be decided is one of fact; the judgment of the District Court will not be reversed unless it is shown to be clearly erroneous.

Plaintiff testifies in support of his allegations. He is corroborated by John Morales, stableman at the Jackson Barracks where the plaintiff fills the position of second lieutenant. Plaintiff's attorney and his office mate testify that they rang up the defendant at the phone and a voice sounding like that of defendant answered and promised to pay the $150, but on a subsequent date declined to do so.

Plaintiff is contradicted by the defendant, and by R. W. Gaudet, his bookkeeper, and by John Augustin, an employee, and by E. P. Perelli, a by-stander, who claim that they were present when the bargain for the sale of the horse was made. They all testify that the sale was made for $150, of which the plaintiff paid cash $50, and was to pay the balance in two or three days, if the horse suited him; and that the plaintiff sent a check of $100, within the time specified. Both plaintiff and defendant and their witnesses agree upon the price, upon the cash payment, and a delay for the credit portion. The only point upon which they differ is the extent of that delay. The burden of proof was upon the plaintiff. He has not made it certain, and the circumstances of the case do not support his evidence.

The judgment is therefore affirmed.

Opinion and decree, February 1st, 1915.

St. Paul, J., not having heard the argument, takes no part.